# UNITED STATES V. KARONY (23-CR-433) (EK)

Contemplated Special Conditions of Supervised Release

The Court will consider the following special conditions of supervised release at sentencing:

1. The defendant shall comply with any restitution order.

2. Upon request, the defendant shall provide the U.S. Probation Office with full disclosure of their financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of their income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to his financial information and records.

3. The defendant shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, the defendant shall provide the U.S. Probation Office with full disclosure of his self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self-Employment Records), or as otherwise requested by the U.S. Probation Office.

4. The defendant shall participate in a mental health evaluation and, if deemed necessary, in a mental health treatment program approved by the U.S. Probation Office. The defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by the U.S. Probation Office, based upon the defendant's ability to pay and/or the availability of third-party payment.

5. The defendant shall obtain written approval from the U.S. Probation Department before raising or soliciting funds for any business venture.

6. The defendant is prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the advance written approval of the U.S. Probation Department. The defendant is prohibited from becoming an authorized user on any other individual's

credit, charge, or debt account, without the advance written approval of the U.S. Probation Department. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the express approval of the Court.

7. The defendant shall not occupy or maintain any fiduciary role or capacity without the prior permission of the U.S. Probation Department.

8. The defendant shall cooperate with the United States Probation Office's Computer and Internet Management/Monitoring ("CIMP") program. Cooperation shall include, but not be limited to, identifying computer systems (as defined in 18 U.S.C. § 1030(e)(1)), Internet-capable devices, and/or any electronic media capable of data storage the defendant has access to, allowing an initial examination of the device(s), and installation of monitoring software/hardware on the device(s), at the defendant's expense. The monitoring software/hardware is authorized to capture and analyze all data processed by and/or contained on the device, including the geolocation of the device. The defendant must provide the Probation Office advance notification of planned use or purchase of any device(s). The defendant shall not use any device(s) without approval until compatibility with current monitoring software/hardware is determined and installation of monitoring software/hardware is completed. The Probation Office may access the device and/or data captured by the monitoring software/hardware at any time with or without suspicion that the defendant has violated the conditions of supervision. The defendant shall be limited to possessing only two personal Internet-capable devices, to facilitate the Probation Office's ability to effectively manage and monitor the devices. The defendant shall also permit seizure and removal of computer systems, Internet-capable devices, and any electronic media capable of data storage for further analysis by law enforcement or the Probation Office based upon reasonable suspicion that a violation of a condition of supervision or unlawful conduct by the defendant has or is about to occur. Failure to comply with the monitoring, seizure and/or search of any computer systems, Internet-capable devices, and any electronic media capable of data storage may result in adverse action such as sanctions and/or revocation. The defendant shall inform all parties that access a monitored device, that the device is subject to search and monitoring.

At sentencing, the Court will ask the defendant and defense counsel to execute this document solely to indicate that they have received and reviewed it.

**Reviewed:**

_____  _____
          Defendant                                          Defense Counsel

_____          _____
             Date                                      Date