UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

| UNITED STATES OF AMERICA | PRELIMINARY ORDER OF FORFEITURE |
|---|---|
| - against - | 23-CR-433 (EK) |
| BRADEN JOHN KARONY,<br>  also known as "John Karony" and<br>  "CPT_HODL_T_MUN," | |
| Defendant. | |

- - - - - - - - - - - - - - - - X

WHEREAS, on or about May 21, 2025, Braden John Karony, also known as "John Karony" and "CPT_HODL_T_MUN" (the "defendant"), was convicted after a jury trial of securities fraud conspiracy, wire fraud conspiracy, and money laundering conspiracy in violation of 18 U.S.C. §§ 371, 1349, and 1956(h), as charged in Counts One, Two, and Three of the above-captioned Indictment;

WHEREAS, on or about May 21, 2025, a jury found that the following assets (collectively, the "Subject Assets") constitute or are derived from the proceeds of the securities fraud conspiracy, the wire fraud conspiracy, and the money laundering conspiracy of which the defendant was convicted:

(i) approximately $1,816,946.49 from the sale of the real property located at 94 West 600 North, Lindon, Utah 84042; and

(ii) approximately $107,739.00 used to purchase the real property and premises located at 260 Gary Way, North Salt Lake, Davis County, Utah 84054; and

WHEREAS, the Court has determined that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 26 U.S.C. § 2461(c), the defendant must forfeit the amount of seven

million five hundred seventy-one thousand six hundred ninety-nine dollars and zero cents ($7,571,699.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the Subject Assets, as any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violations of 18 U.S.C. §§ 371, 1349, and 1956(h), and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 26 U.S.C. § 2461(c), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Assets. The forfeiture of the Subject Assets shall not be credited towards the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Treasury with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.

3. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Subject Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Assets in such a manner as the Attorney General or her designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Assets as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Subject Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. If the Subject Assets are not forfeited to the United States or if the Forfeiture Money Judgment, or any portion thereof, is not satisfied, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Subject Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Subject Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Subject Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

12. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Preliminary Order to the United States Attorney's Office, Eastern District of New York, Attn: Jennifer Lai, FSA Senior Law Clerk, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York

January 18, 2026

SO ORDERED:

/s/ Eric Komitee
HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK